PS 8
(Rev. 5/02 WVN)

# UNITED STATES DISTRICT COURT
# for the
# Northern District of West Virginia

U.S.A. vs. Quionte Crawford Docket No.: 1:19CR35

**Petition for Action on Conditions of Pretrial Release**

COMES NOW BENJAMIN AHMED, U. S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Quionte Crawford, who was placed under pretrial release supervision on June 20, 2019, by the Honorable Michael John Aloi sitting in the Court at Clarksburg, West Virginia, under the following conditions:

See attached Order Setting Conditions of Release

Respectfully presenting petition for action of court for cause as follows:

Violation Number Nature of Non-Compliance

1. Violation of Standard Condition No. 7(p)(ii): The defendant shall participate with home detention and comply with its requirements as directed.

On October 30, 2019, the defendant left his residence without gaining prior approval from this officer. The defendant had previously called and left a voicemail stating that he wanted to rent a vehicle from Enterprise so that he could travel to a scheduled sex offender evaluation on October 31, 2019 in Morgantown, West Virginia. This officer had neither spoken directly with the defendant, nor given him permission to leave his residence prior to him leaving.

**PETITIONING THE COURT**

- [ ] To issue a warrant
- [ ] To issue a summons
- [X] Neither

Previous Reports Submitted:

1) On July 16, 2019, a Petition for Action was submitted to the Court advising that the defendant was in possession of a 120GB stand-alone hard drive and a 32GB USB drive in his residence. The items were seized at that time. No Court action was recommended, and the Court concurred.

U. S. Pretrial Services Officer Recommendation: Court action is not recommended at this time. This officer admonished the defendant for leaving his home without prior approval. The defendant was made aware that the behavior is unacceptable and cannot occur again in the future. Any further violations will be reported to the Court with an appropriate recommendation for action. The defendant is scheduled for sentencing on November 15, 2019.

The term of supervision should be:

[ ] Revoked

[X] No action taken at this time

[ ] The conditions of supervision should be modified as follows:



Respectfully,

Benjamin Ahmed
U. S. Pretrial Services Officer
Place: Clarksburg, WV
Date: November 7, 2019

THE COURT ORDERS

- [x] No action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] Other

ORDER OF COURT

Considered and ordered this 8th day of November, 2019 and ordered filed and made a part of the records in the above case.

[signature]

U. S. District Judge/Magistrate

# UNITED STATES DISTRICT COURT
for the
Northern District of West Virginia

FILED
JUN 20 2019
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

United States of America
v.
Quionte Crawford
*Defendant*

Criminal Action No. 1:19-CR-35

## ORDER SETTING CONDITIONS OF RELEASE

IT IS **ORDERED** that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: 500 West Pike Street, Clarksburg, West Virginia
*Place*

AS ORDERED by the Magistrate or District Judge
*Date and Time*

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
Person or organization __________
Address *(only if above is an organization)* __________
City and state __________ Tel. No. __________
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: __________ *Custodian* __________ *Date*

( X ) (7) The defendant shall:

( X ) (a) submit to supervision by and report for supervision to United States Probation, 320 West Pike Street, Clarksburg, WV telephone number 304-624-5504 no later than by 4:00 PM June 20, 2019 Thursday

( X ) (b) continue or actively seek employment.

( ) (c) continue or start an education program.

( ) (d) surrender any passport to: __________

( ) (e) not obtain a passport or other international travel document.

( X ) (f) abide by the following restrictions on personal association, residence, or travel: Northern District of WV

( X ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: anyone who is named in the indictment/information against you unless that person is your spouse, child, parent or sibling.

( ) (h) get medical or psychiatric treatment: __________

( ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: __________

( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( X ) (k) not possess a firearm, destructive device, or other weapon.

( X ) (l) not consume alcohol.

( X ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a medical practitioner.

( X ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( X ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( X ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.

( ) (i) **Curfew.** You are restricted to your residence everyday from _____ to _____ or as directed by the pretrial services office or supervising officer; or

( X ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( X ) (q) submit to location/telephonic monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided. at Court expense

( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( X ) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( X ) (s) not purchase, possess or use any paraphernalia related to any controlled substance.

( X ) (t) not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants, and shall not frequent places that sell or distribute synthetic cannabinoids or designer stimulants.

## ADDITIONAL CONDITIONS OF RELEASE

( X ) (u) not abuse prescription medication.
( X ) (v) shall be prohibited from possessing a potentially vicious/dangerous animal or residing with anyone who possesses a potentially vicious animal. The Probation Officer has sole authority to determine what animals are considered to be potentially vicious/dangerous.
(✓) (w) participate in a program of mental health counseling if directed by the pretrial services office or supervising officer.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.



*Defendant's Signature*

Fairmont WV

*City and State*

**Directions to the United States Marshal**

( X ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 6.20.19

_Judicial Officer's Signature_

Michael J. Aloi, United States Magistrate Judge
_Printed name and title_

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL



## MAINTENANCE OF EMPLOYMENT

In supplement to condition 7(b) of the Order Setting Conditions of Release, Defendant shall, if not engaged as a full time student in an accredited college or university seeking a post high school degree, seek employment, full or part-time, as follows:

1) shall weekly make contact with at least three (3) prospective employers;
2) if offered full or part-time employment with any prospective employer so contacted, shall accept such employment;
3) once employed, shall continue in and maintain such employment and not lose or vacate that employment through fault of the Defendant;
4) shall not change employment without the prior permission of Defendant's pre-trial officer;
5) shall report weekly all contacts with prospective employers to Defendant's pre-trial officer; and
6) once employed, shall report monthly all wages earned and hours worked and account for any expenditures from the earnings from said employment to Defendant's pre-trial officer on such forms as may be approved by said officer.

## ADDITIONAL TERMS OF PRE-SENTENCE RELEASE AND PRE-TRIAL RELEASE IN A CHILD PORNOGRAPHY CASE

1) Defendant shall not possess or use a computer, or any other electronic device (including but not limited to cellular telephones with internet capability) capable of being connected to the internet.
2) Defendant shall not connect to the internet for any purpose.
3) Defendant shall not aid or assist another to connect to the internet for any purpose.
4) Defendant shall not possess or use a telephone which is capable of taking, storing or sharing digital images.
5) Defendant shall not possess any sexually explicit movies, videos, CD's, magazines nor shall Defendant possess any device which stores digital images including but not limited to digital images of sexually explicit activities.
6) Defendant shall not have any contact with any child under the age of 18 years.
7) Defendant shall not visit any school or public facility where he may be in contact with a child under the age of 18 years.
8) Defendant shall forthwith comply with all applicable federal and state sex offender registration requirements and laws and shall update the same as required by law.
9) Defendant shall not associate with any person who is known by Defendant to view or exchange images or pictures of child pornography (sexually explicit and provocative acts and poses involving persons under the age of 18 years).
10) Defendant shall not view any sexually explicit movies, videos, CD's, magazines nor shall Defendant possess any device which stores or is capable of permitting the viewing of digital images including but not limited to digital images of sexually explicit activities.
11) Defendant shall consent to a search of his residence, motor vehicle, and storage facility located on the same property as his residence by his pretrial services/probation officer for the purpose of determining whether Defendant is in compliance with the Order Setting Conditions of Release.
12) Defendant shall consent to his pretrial services/probation officer viewing on premises or removing any item for viewing off premises which is suspected of being possessed in violation of the Order Setting Conditions of Release.
13) Defendant shall surrender to his pretrial services/probation officer anything which the officer determines is being possessed by Defendant in violation of the Order Setting Conditions of Release.

PROB 61
(Rev. 08/16)

# LOCATION MONITORING PROGRAM
## PARTICIPANT AGREEMENT

1. I, Quionte Crawford, have been placed in the Location Monitoring Program. I agree to comply with all program rules set forth in this agreement and the instructions of my probation or pretrial services officer. Failure to comply with this agreement or the instructions of my officer will be considered a violation of my supervision and may result in an adverse action. I agree to call my officer immediately if I have any questions about these rules or if I experience any problems with the monitoring equipment.

2. I will remain at my approved residence everyday from ________ to ________. **Curfew**

3. I will remain at my approved residence at all times, except for activities approved in advance by my probation or pretrial services officer. Regularly occurring activities will be provided for in a written weekly schedule which will remain in effect until modified by my officer. I must obtain my officer's advance permission for any absences away from home that are not included in my written schedule. **Home Detention and Home Incarceration**

4. I agree to maintain telephone and electrical service in my residence at my own expense. I agree that I will not make any changes in the telephone equipment or services at my residence without prior approval of my officer. Should my telephone or electrical service be cut off for any reason, I will notify my officer immediately.

5. I will not deviate from my approved schedule except in an emergency. I first will try to get the permission of my officer. If this is not possible, I will call my officer as soon as I am able to do so. If I call during non-business hours, I will leave a message, including my name, the date, the time, a brief description of the emergency, and my location or destination. (Or follow any specific instructions as outlined by my officer for emergencies). I agree to provide proof of the emergency as requested by my officer.

6. I understand that I will be held responsible for damage, other than normal wear, to all assigned equipment. I also understand that if I do not return the equipment, or do not return it in good condition, I may be charged for replacement or the repair of the equipment, and I agree to pay these costs.

7. On the telephone line to which the monitoring equipment is connected, I agree not to have any devices or services that may interfere with the functioning of the location monitoring equipment. This may include: party lines, answering machines, voice mail, cordless telephones, call forwarding, caller ID, call waiting, or call block.

8. I agree that I will relinquish my telephone line when the monitoring unit (base unit) is making its call, and I will hang up the telephone when the monitoring unit initiates its call. I will not answer the telephone on the first ring, and I will not use the telephone for the first 10 minutes after arriving home (hard line RF equipment only).

9. I agree not to move, disconnect or tamper with the monitoring unit (base unit) or place any objects on top of it. I agree to allow a monitoring device to be connected to the telephone and the telephone outlet at my residence.

10. I agree not to remove or tamper with the transmitter device except in a life-threatening emergency or with the prior permission of my officer. While in the Location Monitoring Program, I agree to wear a non-removable transmitter that my officer will attach either to my ankle.

11. I understand that I may be ordered to pay all or part of the daily cost of my electronic monitoring. If so ordered, I agree, as directed by my officer, to pay monitoring costs of $ ________ per day on a schedule set forth in a separate payment agreement. I will submit payments directly to the monitoring services provider BI Inc. at 6265 Gun Barrel Ave, Boulder, CO 80301, by cashier's check or money order and shall include your name and device number, or online at www.clientpay.BI.com.

PROB 61
(Rev. 08/16)



12. Local Rules (as needed)

I acknowledge that I have received a copy of these rules and that they have been explained to me. I understand that I must comply with these rules until ______________________ or until otherwise notified by my probation or pretrial services officer. I further understand that any violations of these rules will constitute a violation of supervision and may cause immediate adverse action.

x [signature] (PARTICIPANT) x 06-20-19 (DATE)

[signature] (OFFICER) 6/20/2019 (DATE)