THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

UNITED STATES OF AMERICA,

  **Plaintiff/Respondent,**

**v.**           **Crim. Case No. 1:19CR35**
                **Civil Case No. 1:21CV114**

**QUIONTE CRAWFORD,**

  **Defendant/Petitioner.**


**CRAWFORD'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
RECOMMENDING THE DENIAL OF CRAWFORD'S 2255 PETITION**

**I.  INTRODUCTION**

After receiving some bad advice from his plea counsel, Quionte Crawford ("Crawford"), waived his right to a grand jury, signed a plea agreement, and entered five pleas of guilty.  This resulted in ***five life sentences***, which is an outcome that should never happen in any criminal case, except, perhaps, where the death penalty is in play.  This case is an egregious example of ineffective assistance of counsel that prejudiced Crawford an extreme way.  As this Court knows, there is a profound principle in the criminal justice system that "death is different."  ***Life in prison*** is different too.

Crawford's plea counsel committed multiple serious legal errors that prejudiced Crawford.  First, Crawford's plea counsel told Crawford that the total offense level would be "around 43" when it was 51.  Second, Crawford's plea counsel incorrectly advised Crawford that even if the total offense level rose above 43, Crawford would still receive a three-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 40.  That advice was

not in line with the operation of the Guidelines.  *See* U.S.S.G. Ch. 5A.  Finally, Crawford's plea counsel incorrectly advised Crawford that the applicable guideline range was 292-365 months, when it was life.  Document 52 at 2.

Crawford, through undersigned counsel, respectfully files objections to the Report and Recommendation ("the Report") which recommends the denial of Mr. Crawford's 2255 petition issued on September 7, 2022.  Docket 59.  Crawford objects to the Report's conclusion that he failed to satisfy the prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984).  Report at 9-12.  Rather, Crawford established that but for plea counsel's error, he would have proceeded to trial.  The Report concludes that Crawford's claim that he would have gone to trial lacks credibility.  Undersigned counsel disagrees and requests that this Court hold an evidentiary hearing to make the appropriate and necessary factual findings.  After a hearing, this Court can more accurately make determinations of credibility.  Clearly, there are benefits of live testimony, including the opportunity to observe witnesses and cross-examination.

## II.      BACKGROUND

### A.  Proceedings before this Court.

With the help of his plea counsel, Crawford waived and agreed his way down a path toward ***five life sentences***.  On May 30, 2019, the United States Attorney filed an Information charging Crawford with five counts of enticement of a minor in violation of 18 U.S.C. § 2422(b).  On June 20, 2019, Crawford appeared before United States Magistrate Judge Michael J. Aloi for a plea hearing at which he entered a plea of guilty to all five counts pursuant to a plea agreement.  It is undisputed that prior to entering his plea agreement, Crawford's plea counsel gave him erroneous advice on the application of the Federal Sentencing Guidelines, which dramatically

2

affected the outcome bargained for by Crawford and resulted in five life sentences.

Plea counsel miscalculated Crawford's total offense level, telling Crawford it was "around 43" when, in actual fact, it was 51.  Plea counsel incorrectly advised Crawford that the operation of a three-level reduction for acceptance of responsibility would result in an offense level of 40.  And plea counsel incorrectly advised Crawford that a level 40 in a criminal history category I, Crawford would face a range of imprisonment of 292-365 months under the advisory Federal Sentencing Guidelines.

On November 22, 2019, Crawford appeared before this Court for sentencing. This Court reviewed the Presentence Report with the parties and determined that the applicable offense level was 51; applying a three-level reduction for acceptance of responsibility would result in an offense level of 48.  However, this Court found that because the total offense level exceeded 43, it would be treated as a total offense level of 43.  Crawford's plea counsel brought his errors to the Court's attention and asked the Court to consider a downward departure equating to offense level of 40, to match the offense level Crawford anticipated when entering into the plea agreement.

Crawford's criminal history category was I.  With a criminal history category I, an offense level of 40 would have resulted in a Guideline range of 292–365 months of imprisonment.  The plea agreement included a recommendation of the low end of that range.  On the other hand, with an offense level of 43, the Guidelines recommend a range of life imprisonment.  U.S.S.G Chap. 5, Pt. A.  In response, the Government stated it had no objection to an adjustment of three levels because Crawford should receive the benefit of his bargain.  The Court imposed a sentence of life imprisonment as to each count, to be served concurrently.

**B**.  **Appeal.**

On appeal, Crawford raised a single claim:  that his plea counsel rendered ineffective assistance of counsel by incorrectly advising him of the advisory Guideline range prior to the entry of his plea of guilty.  The Fourth Circuit, noting that ineffective assistance claims are not generally addressed on direct appeal unless the ineffectiveness appears on the face of the record, affirmed the judgment.  Document 40 at 2.

**C**.  **Federal Habeas Corpus.**

On August 23, 2021, Crawford filed a *pro se* Petition to vacate his conviction and sentence.  Document 44.  Undersigned counsel filed a Supplement to the Petition on May 12, 2022, and the respondent filed a Response in Opposition on July 25, 2022.  Document 52.  The Petition and Supplement raise a claim of ineffective assistance of counsel.

In short, Crawford's plea counsel committed multiple serious legal errors that prejudiced Crawford.  First, Crawford's plea counsel told Crawford that the total offense level would be "around 43" when it was 51.  Second, Crawford's plea counsel incorrectly advised Crawford that even if the total offense level rose above 43, Crawford would still receive a three-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 40.  That advice was not in line with the operation of the Guidelines.  *See* U.S.S.G. Ch. 5A.  Finally, Crawford's plea counsel incorrectly advised Crawford that the applicable guideline range was 292-365 months, when it was life.  Document 52 at 2.  Undersigned counsel proffered in the Supplement that but for the erroneous advice of plea counsel, Crawford would have proceeded to trial.

On September 7, 2022, Magistrate Judge Aloi issued a Report recommending the denial of Crawford's Petition with prejudice.  Document 59 at 12.  The Report found that Crawford

established the performance prong of *Strickland*:  plea counsel provided materially inaccurate advice concerning the application of the Federal Sentencing Guidelines being 40 instead of 43, resulting in a sentence of life, rather than 292-365 months.  Document 59 at 8-9.  Yet, the Report made a finding that Crawford failed to satisfy the prejudice prong of *Strickland* because Crawford failed to establish that but for plea counsel's error, Crawford would have proceeded to trial.  Report at 9-12.

### III.    OBJECTIONS

Crawford objects to the Report's finding that he failed to satisfy the prejudice prong of *Strickland*.  Report at 9-12.  But for plea counsel's error, there is no doubt Crawford would have proceeded to trial.

First, undersigned counsel proffered in the Supplement to the Petition that Crawford could provide sworn testimony that he would have proceeded to trial rather than enter pleas of guilty had he been advised that he faced a range of life under the Guidelines, not 292-365 months.  Document 52 at 13-14.  The Report suggests that this proffer lacks credibility.  *See* Report at 9.  A sworn Declaration of Quionte Crawford is attached, which mirrors the proffer. *See* Attachment A.

Second, during interviews with undersigned counsel, plea counsel advised that had he known that life was the applicable range under the Federal Sentencing Guidelines, plea counsel ***never would have recommended that plea agreement to Crawford.***  Moreover, in plea counsel's professional estimation, ***Crawford never would have accepted it.***  Recently, plea counsel confirmed that he is willing to testify to these facts.

Finally, undersigned counsel has consulted with other experienced criminal defense attorneys about this case.  There is a ***unanimous consensus*** that defendants in criminal cases do not knowingly accept plea agreements calling for sentences of life in prison in cases that do not carry the death penalty.  Undersigned counsel is not aware of any situation that contradicts this conclusion.  Therefore, based upon information and belief, a qualified expert in federal criminal practice can testify that a reasonable defendant in Crawford's position would not have accepted a plea agreement and would have proceeded to trial if it was made known that the actual Guideline range was life, rather than 292-365 months.

Unfortunately, the Report made a critical finding about whether Crawford would proceed to trial, and it assessed Crawford's credibility without an evidentiary hearing.  Crawford objects to this decision since the record does not conclusively foreclose Crawford's claim.  Undersigned counsel submits that a hearing is necessary.

In *United States v. Mayhew*, 995 F.3d 171 (4th Cir. 2021), the defendant made a claim of ineffective assistance of counsel in connection with a plea agreement.  The district court in *Mayhew*, like the Report here, claimed that plea counsel's incorrect advice was cured by the cautions offered by the court.  *Id.* at 180.  The Fourth Circuit vacated the judgement of the district court, in part, and remanded the case for an evidentiary hearing to determine whether Mayhew could meet *Strickland's* prejudice prong.  *Id.* at 181.  In doing so, the Fourth Circuit reaffirmed the following rule:

> A district court must hold an evidentiary hearing on a petitioner's *Strickland* claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010).  Although whether to hold a hearing ordinarily is a matter of district court discretion, *see Raines v. United States*,

6

> 423 F.2d 526, 531 (4th Cir. 1970), a hearing is required when a movant presents [] a colorable Sixth Amendment claim showing disputed facts beyond the record, or **when a credibility determination is necessary to resolve the claim**, *see United States v. Witherspoon*, 231 F.3d 923, 926–27 (4th Cir. 2000).

*Id.* at 176-177 (emphasis added).

Undersigned requests a hearing so that this Court has a meaningful opportunity to listen to all the available and relevant testimony and then make its own findings and determinations of credibility concerning *Strickland's* prejudice prong.

## IV.   CONCLUSION

Crawford respectfully objects to the Report as indicted above.  Crawford received ineffective assistance of counsel in connection with the settlement of this case.  No effective lawyer negotiates a plea agreement calling for a sentence of life under the Federal Sentencing Guidelines. The bad advice of plea counsel prejudiced Crawford in an extreme way.  But for the inaccurate advice of counsel about the total offense level, acceptance of responsibility and a range being 292-365 months, when it was life, Crawford would have proceeded to trial.  Crawford had nothing to lose and much to gain.  Crawford respectfully requests that this Court hold an evidentiary hearing and then vacate his convictions and sentences.

Respectfully submitted,

**QUIONTE CRAWFORD**

By:   */s/ L. Richard Walker*
L. Richard Walker
WV State Bar No. 9580
Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26302
Tel.: (304) 622-3823
E-Mail: Richard_Walker@fd.org

## **CERTIFICATION OF SERVICE**

I hereby certify that on October 21, 2022, I electronically filed the foregoing with the Clerk

of the Court for the Northern District of West Virginia using the CM/ECF system, which will send

notification of such filing to the following CM/ECF user:

**David J. Perri, Esq.**
**Assistant U. S. Attorney**
**1125 Chapline Street, Suite 3000**
**P. O. Box 591**
**Wheeling, WV 26003-0000**

By:     */s/ L. Richard  Walker*
         L. Richard Walker
         WV State Bar No. 9580
         Federal Public Defender Office
         230 West Pike Street, Suite 360
         Clarksburg, West Virginia 26302
         Tel.: (304) 622-3823
         E-Mail: Richard_Walker@fd.org

8