IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **QUIONTE CRAWFORD,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Criminal No.  1:19CR35<br>Civil No. 1:21-CV-114<br><br>**JUDGE KLEEH**<br><br>**UNITED STATES' RESPONSE TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS** |

Now comes the United States of America by William Ihlenfeld, United States Attorney for the Northern District of West Virginia, and David J. Perri, Assistant United States Attorney, and respectfully responds to the "Crawford's Objections to the Report and Recommendation Recommending the Denial of Crawford's 2255 Petition" [Document No. 64] by asking that the same be overruled.

MEMORANDUM

The petitioner has submitted Objections to the Magistrate Judge's Report and Recommendation for the denial of his 28 U.S.C. § 2255 motion.  These Objections are without merit and should be overruled.

The petitioner's primary problem is that his claims are contradicted by his own sworn statements – and those of his attorney – at the plea and sentencing hearings.  The statements in his newly produced "Declaration" are just more of the same.  He continues to till the same ground.  Nor do *habeas* Counsel's opinions, polling, and pronouncements about what defense attorneys do

1

or should do in similar situations bolster the petitioner's argument.

The petitioner claims that he received bad advice and/or incorrect information from Defense Counsel regarding the anticipated sentence and relied on it in deciding to plead guilty. Even if errors occurred, he is unable to prove that he was prejudiced as a result of their occurrence.

The Fourth Circuit Court of Appeals has made clear that bad advice regarding sentencing possibilities will not be deemed a "but for" cause of a guilty plea, as long as the plea was "based on risk information given . . . by the sentencing court." *United States v. Craig*, 985 F.2d 175, 179-80 (4th Cir. 1993); *United States v. Foster,* 68 F.3d 86 (4th Cir. 1995) (holding that there is no possible prejudice from an incorrect calculation of a defendant's possible sentence so long as the defendant is properly advised of the maximum sentence he may receive, and he pleads guilty based on that information and not based on other promises).[1]  The Magistrate Judge informed the that he could be sentenced to life in prison as punishment for the offense to which he planned to enter a plea.

The petitioner also fails to acknowledge that, even if the Court had granted a variance to level 40, or to level 38, it would have varied upward to a sentence of life based on the egregious conduct in this case.  He would have gotten the same sentence regardless.

Moreover, if anything, the record tends to show that the petitioner would have pled guilty regardless of Defense Counsel's misinformation regarding levels of reduction for Acceptance.  It appears from the record that he accepted responsibility for his conduct, hoped to save the victims from having to testify, and hoped to persuade the Court to vary downward.

---

[1] Nor is an in accurate estimate of a sentence necessarily indicative of deficient performance.  In *Foster*, the Fourth Circuit stated that because of the discretion that district courts have, "[T]he sentencing consequences of guilty pleas . . . are extraordinarily difficult to predict . . . . Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great . . . ." *Foster*, 68 F.3d at 87-88.

It cannot be said, therefore, that but for Defense Counsel's erroneous and advice and/or estimation of the sentence, petitioner would have gone to trial. This means that petitioner cannot show a reasonably probability that the outcome of the proceedings would have been different absent the incorrect advice. Therefore, the bad sentencing advice did not prejudice him. The petitioner fails to meet his burden of proving prejudice under *Strickland*.

Nor does the petitioner deserve an evidentiary hearing. As the Magistrate Judge suggested, the defendant does indeed have a credibility problem. [R&R at p. 9] His *habeas* claims run counter to statements he made under oath in open court during a thorough colloquy. Statements made under oath are entitled to confidence and reliance. Despite the several re-hashes of these issues (in an appeal and a § 2255 and objections to the R&R), the petitioner has provided no explanation for the contradictions. He cannot.

Accordingly, the evidence undermining his claims and establishing his lack of credibility is *already* in the record of this case. See *United States v. Mayhew*, 995 F.3d 171, 178 (4th Cir. 2021) (where there was no evidence to contradict Mayhew's account of having received misadvice). The case on which the petitioner relies, *United Statess v. Mayhew*, involved a very different scenario. *Id.* at 176. Mayhew's attorney had promised him that he would receive a sentence within a certain range if he went to trial on one charge. Relying on that advice, and seeing no benefit to the plea deal, Mayhew rejected a proposed plea agreement pre-indictment. He was indicted and convicted at trial on various charges and received a much harsher sentence than predicted. The *Mayhew* court found that the magistrate judge's recitation of the correct penalties at *arraignment* was not sufficient to cure the misinformation because it occurred after Mayhew had rejected the plea offer, and there was no indication that the offer could be reinstated. *Id.* at 180.

The *Mayhew* case did not involve an extraordinarily thorough plea colloquy. Indeed, the

3

Court of Appeals expressly noted that its determination might have been different if Mayhew had "subsequently ped guilty after a Rule 11 colloquy." *Id.* at 180; see also, *Butler v. United States*, 2022 WL 2751617 (E.D. N.C.) (June 13, 2022) (distinguishing *Mayhew* because the erroneous advice Butler received was cured by the court during a plea colloquy before Butler entered his plea). Indeed, the *Mayhew* court actually *confirmed* the general rule:

> Specifically, if a defendant alleges that he has accepted a government plea offer based on the erroneous advice of counsel, but entered that plea only after the misadvice 'was corrected by the trial court at the Rule 11 hearing,' then he will not be able to show the necessary causal link between counsel's error and his decision to plead guilty.

*Id.* at 179-80. The petitioner seeks only to obfuscate this matter. An evidentiary hearing would serve no purpose helpful to the determination of the Motion.

## CONCLUSION

The allegedly bad sentencing advice rendered by the petitioner's lawyer was not the "but-for" cause of the petitioner's guilty plea. Because he cannot satisfy the prejudice prong of the *Strickland* standard in the context of a guilty plea, ineffective assistance is not conclusively apparent from the record of the proceedings. He fails to meet his burden. He also fails to show why an evidentiary hearing would be necessary or helpful to the resolution of this matter.

WHEREFORE, the United States respectfully requests that the petitioner's Objections be Overruled and his Motion denied without a hearing.

        Respectfully submitted,

        WILLIAM IHLENFELD
        UNITED STATES ATTORNEY

By: /s/ David J. Perri
    David J. Perri
    Assistant United States Attorney/Bar Number: 9219
    United States Attorney's Office
    1125 Chapline Street, Suite 3000
    Wheeling, West Virginia 26003
    Telephone: (304) 234-0100
    E-mail: David.Perri@usdoj.gov

CERTIFICATE OF SERVICE

I, David J. Perri, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing UNITED STATES RESPONSE TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

Richard Walker, Esq.
2330 West Pike St., Ste.360
Clarksburg, WV 26302

Dated: November 8, 2022.

By:  /s/ David J. Perri
David J. Perri
Assistant United States Attorney/Bar Number: 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Telephone: (304) 234-0100
Fax: (304) 234-0111
E-mail: David.Perri@usdoj.gov